IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 17−cv−0012−JPG |
| | ) |
| JACKSON COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff James Webb, an inmate in Jackson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks removal from probation, disability, and monetary damages for pain and suffering. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff alleges that on October 2, 2016, he passed out in the shower due to previous injuries. (Doc. 1, p. 5). He was then taken to the drunk tank and thrown into a pile of vomit. *Id.* He did not see the doctor until 5 days later. *Id.*

On December 20, 2016, another inmate, Kyle Easterly, punched Plaintiff in the head. *Id.* Plaintiff alleges that Easterly is a federal inmate and that he is not supposed to be housed with a federal inmate. *Id.* Plaintiff pushed the call button, and when the guard came to the cell, Easterly attacked Plaintiff a second time. *Id.* Easterly's cellmate told the guards that Plaintiff had goaded Easterly into fighting, but Plaintiff alleges the cellmate was lying. *Id.* Plaintiff received 21 days in "the hole," while Easterly only received 14. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –** Plaintiff suffered from deliberate indifference when he was not taken to a doctor immediately after passing out in the shower;

**Count 2 –** The guards failed to protect Plaintiff from Easterly's attack;

**Count 3 –** Plaintiff's due process rights were violated when he was disciplined after the incident with Easterly.

All of Plaintiff's claims will be dismissed without prejudice at this time because Plaintiff has failed to name a proper defendant. The only Defendant Plaintiff has named in the case caption is "Jackson County Jail." (Doc. 1, p. 1). Under Federal Rule of Civil Procedure 17(b), a defendant named in a lawsuit must have the legal capacity to be sued. Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont,* 536 N.E.2d 720, 723 (Ill.App. 3d Dist. 1988).

Illinois Courts have not recognized a sheriff's office or a police department as a legal entity. *Magnuson v. Cassarella,* 812 F.Supp. 824, 827 (N.D.Ill. 1992); *see West v. Waymire,* 114 F.3d 646, 646–47 (7th Cir. 1997). The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. Ill. Const.1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates, and actions of his officers. 730 ILCS § 125/2; ILCS 125/17. As an elected officer, a sheriff is not an employee. County police and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued. *Magnuson,* 812 F.Supp. at 827. Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal entity. ILL. CONST. art. VII, § 1.

Furthermore, § 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or

participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Without tying an individual defendant to specific acts, the Complaint fails to establish a constitutional violation on the part of any particular defendant. Therefore the Jackson County Jail will be dismissed with prejudice as a Defendant. However, Plaintiff will be granted leave to amend his Complaint to name a proper defendant.

In addition, the Complaint does not set forth sufficient allegations to determine the applicable legal standard for Plaintiff's medical claim. Different legal standards apply to medical claims of an arrestee (Fourth Amendment), pretrial detainee (Fourteenth Amendment), and prisoner (Eighth Amendment). The allegations in the Complaint shed little light on Plaintiff's status. The Complaint does not mention the Fourth, Eighth, or Fourteenth Amendment. Although Plaintiff is not required to plead legal theories at this stage in litigation, his amended complaint should include information that, at a minimum, assists the Court in applying the proper legal standard. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *Aaron v. Mahl*, 550 F.3d 659, 666 (7th Cir. 2008). That is, should Plaintiff amend his Complaint, he should tell the Court whether he is an arrestee, pretrial detainee, or prisoner.

## Disposition

**IT IS HEREBY ORDERED** that Jackson County Jail is **DISMISSED with prejudice**. As Plaintiff has named no other Defendants at this time, the Complaint is **DISMISSED without prejudice**

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, identifying any individual defendants with specificity, within 28 days of the entry of this order (on or before February 8, 2017). An amended complaint

supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his Amended Complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: January 10, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**
