IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES R. WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−0012−JPG |
| | ) | |
| HUFFMAN, | ) | |
| ANDERSON, | ) | |
| STRATTEN, | ) | |
| LEE, | ) | |
| MICKELSON, and | ) | |
| BRASHEAR | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff James Webb, currently confined at the Alton Mental Health Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that allegedly occurred at the Jackson County Jail. Plaintiff seeks removal from probation, declarative relief, and monetary damages for pain and suffering. Previously, Plaintiff's original Complaint was dismissed without prejudice for failure to name a proper defendant. (Doc. 5). This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

          (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
          (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Plaintiff alleges that on October 2, 2016, he passed out in the shower because his carotid arteries have been permanently damaged by a prior suicide attempt. (Doc. 7, p. 6). Huffman, Anderson, and Stratten put Plaintiff in a wheel chair. *Id.* They did not use the foot rests, and so Plaintiff's feet dragged on the floor. *Id.* They took Plaintiff to the drunk tank and threw him into a pile of bloody feces and vomit on the floor. *Id.* Plaintiff asked to go to the emergency room, but was denied. *Id.* He saw a nurse 4 days later. *Id*.

Another inmate, Easterly, beat Plaintiff up while Huffman, Lee, Mickelson, and Brashear watched and failed to intervene. *Id.* Plaintiff had been asking to be moved off K-Block. *Id.* Plaintiff alleges that Huffman directed Easterly to attack Plaintiff. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The Court found that the original complaint contained 3 counts, but Plaintiff has not included any facts in support of his original contention that he was unfairly disciplined as a result of the Easterly incident. As the Amended Complaint must stand alone without reference to the original Complaint, *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632 n.1 (7th Cir. 2004), the Court construes the absence of these facts as an abandonment of the claim. Thus, the following two claims are the only claims presented by the Amended Complaint. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Defendants Huffman, Anderson, and Stratten were deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment when they refused to get him medical care after he passed out in the shower;
>
> **Count 2 –** Huffman, Lee, Mickelson, and Brashear failed to protect Plaintiff from Easterly's attack in violation of the Eighth Amendment.

Plaintiff originally filed suit without disclosing his status at the Jackson County Jail. Plaintiff now states that he was held at the Jackson County Jail on a state petition to revoke his probation. It is still not clear to the Court what stage of the revocation process Plaintiff was in when the events at issue occurred. Potentially, his claims could arise under the Fourteenth Amendment, if the petition had not been heard at the time of the relevant incidents. However, at the pleading stages, Plaintiff's claims survive review under the Eighth Amendment, which is the more exacting standard. The Court will therefore leave which standard applies to this case to another day and further factual development. In the meantime, it will analyze Plaintiff's claims under the Eighth Amendment. *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) ("[I]t is convenient and entirely appropriate to apply the same standard to claims arising under the

Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'")

As to **Count 1**, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Here, Plaintiff has alleged that he passed out as a result of a prior injury. In lieu of providing him with any treatment at all, Defendants left him unattended in filth for a period of approximately 24 hours and made him wait 4 days to see a nurse. On these facts, Plaintiff has adequately articulated a deliberate indifference claim, and **Count 1** shall proceed at this time.

Turning to **Count 2**, in *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional

liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id*.; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Here Plaintiff has alleged that he was attacked by a fellow inmate and that none of the named defendants intervened in the assault. He also alleged that he had been asking to be removed from the block prior to the assault. This raises an inference that the guards were aware that there was an impending threat. He has further alleged that the inmate attacked him at the behest of Huffman, which suggests knowledge of a threat as well as the requisite mental state for deliberate indifference. At the pleading stage, these allegations are sufficient to state a claim upon which relief can be granted.

As a final note however, Plaintiff has requested release from his current confinement as part of his request for relief. A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Plaintiff's

liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id*.; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Here Plaintiff has alleged that he was attacked by a fellow inmate and that none of the named defendants intervened in the assault. He also alleged that he had been asking to be removed from the block prior to the assault. This raises an inference that the guards were aware that there was an impending threat. He has further alleged that the inmate attacked him at the behest of Huffman, which suggests knowledge of a threat as well as the requisite mental state for deliberate indifference. At the pleading stage, these allegations are sufficient to state a claim upon which relief can be granted.

As a final note however, Plaintiff has requested release from his current confinement as part of his request for relief. A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Plaintiff's

liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id*.; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Here Plaintiff has alleged that he was attacked by a fellow inmate and that none of the named defendants intervened in the assault. He also alleged that he had been asking to be removed from the block prior to the assault. This raises an inference that the guards were aware that there was an impending threat. He has further alleged that the inmate attacked him at the behest of Huffman, which suggests knowledge of a threat as well as the requisite mental state for deliberate indifference. At the pleading stage, these allegations are sufficient to state a claim upon which relief can be granted.

As a final note however, Plaintiff has requested release from his current confinement as part of his request for relief. A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Plaintiff's

request for release is not cognizable under § 1983; if he wishes to pursue release, he must file a separate suit under the relevant habeas statute. To the extent that this action contains any claims requesting release, those claims are **DISMISSED with prejudice.**

### Disposition

**IT IS ORDERED** that **Counts 1** and **2** survive threshold review against all Defendants.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Huffman, Anderson, Stratten, Lee, Mickelson, and Brashear: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be

filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: April 18, 2017**

    <u>*s/J. Phil Gilbert*</u>
    **U.S. District Judge**